NOT FOR FULL-TEXT PUBLICATION
File Name: 11a0347n.06

No. 10-3326

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 23, 2011*

LEONARD GREEN, Clerk

FIDEL EUFRACIO ESCOBAR-LOPEZ,

     *Petitioner,*

     v.

ERIC H. HOLDER, Jr.,
**Attorney General**,

     *Respondent.*

On Petition for Review of an Order of
the  Board of Immigration Appeals

OPINION

BEFORE:  MARTIN and SUTTON, Circuit Judges; and GRAHAM, Senior District Judge.[*]

     **GRAHAM, Senior District Judge.**  Petitioner Fidel Eufracio Escobar-Lopez ("Mr. Escobar-Lopez")  seeks review of a final order of the Board of Immigration Appeals ("BIA" or "Board") affirming the decision of the Immigration Judge denying Mr. Escobar-Lopez's  application for withholding of removal.  Mr. Escobar-Lopez argues that the BIA erred when it affirmed the Immigration Judge's decision because the Immigration Judge should have notified him, prior to the Immigration Judge's oral decision, of the particular parts of his testimony that needed to be corroborated.

## I.  BACKGROUND

---

     [*]The Honorable James L. Graham, United States Senior District Judge for the Southern District of Ohio, sitting by designation.

Mr. Escobar-Lopez is a native and citizen of Guatemala. According to his testimony, in 1990, he was hired as a teacher by the Guatemalan National Adult Literacy Organization ("CONALFA"). CONALFA is the government entity responsible for the coordination of literacy programs in Guatemala. Illiteracy rates in Guatemala are high, particularly in rural areas and among indigenous populations.

Mr. Escobar-Lopez claims that as a result of his work, he was suspected of being a guerilla or political activist for the "Union del Centro Nacional." Consequently, he was detained, beaten, and threatened on three separate occasions by Guatemalan military personnel and on one occasion by a civil patrol. After these incidents, he left Guatemala and came to the United States, where he arrived on or about June 25, 1992. He claims that his parents received threats after he left Guatemala. Mr. Escobar-Lopez claims he is afraid to return to Guatemala because he believes the military forces there will "make him disappear" and he will "pay a high price for having escaped alive."

Mr. Escobar-Lopez arrived in Phoenix, Arizona on June 25, 1992 without having been admitted or paroled after inspection by a Customs and Border Protection Officer. He initially spent some time in California and then moved to Michigan in 1993. Removal proceedings against Mr. Escobar-Lopez were initiated on February 8, 2007, with the filing of a Notice to Appear ("Notice") with the Immigration Court. Mr. Escobar-Lopez was charged with being subject to removal pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without having been admitted or paroled. Mr. Escobar- Lopez, through counsel, admitted to the allegations in the Notice and conceded the charge of removability. He filed an application for withholding of removal and relief under the United Nations Convention Against Torture (CAT) on August 14, 2007. After he had been placed in removal proceedings, he conceded that he was not

2

eligible for asylum because his application was filed more than one year after his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B).

## A. The Immigration Judge's Decision

Following the August 13, 2008 merits hearing, the Immigration Judge issued his oral decision. The Immigration Judge did not find Mr. Escobar-Lopez to be credible and determined that Mr. Escobar-Lopez failed to adequately corroborate his story either with evidence from his parents, with whom he was still in contact, or with evidence from CONALFA, which was still in existence. The Immigration Judge found that Mr. Escobar-Lopez failed to satisfy his burden of demonstrating that he should be granted withholding of removal or CAT protection, but did, as a matter of discretion, grant Mr. Escobar-Lopez the privilege of voluntary departure for a limited period of 28 days.

## B. The BIA's Decision

Mr. Escobar-Lopez appealed the Immigration Judge's decision to the BIA on August 26, 2008. On February 24, 2010, the BIA dismissed the appeal. The Board agreed with the Immigration Judge's finding that Mr. Escobar-Lopez failed to provide sufficient reasonably available corroborating evidence. The Board noted that although Mr. Escobar-Lopez maintained contact with his parents in Guatemala, he failed to submit any affidavits from them in support of his claim. In addition, the Board noted that Mr. Escobar-Lopez failed to provide any corroborating evidence from CONALFA, even though that organization was still in existence. Because the Board agreed with the Immigration Judge's finding that Mr. Escobar-Lopez failed to meet his burden of proof because of his failure to provide corroboration for his claim, it did not address the Immigration Judge's

3

alternative finding that Mr. Escobar-Lopez was not credible. The Board further ordered that Mr. Escobar-Lopez be permitted to voluntarily depart the United States within 28 days.

## II. ANALYSIS

### A. Standard of Review

This court generally has jurisdiction to review final orders of removal issued by the Board. See 8 U.S.C. § 1252(a), (b). Questions of law are reviewed de novo, but the Immigration Judge's and the Board's factual findings are reviewed under the substantial evidence standard. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009); *Urbina-Mejia v. Holder*, 597 F.3d 360, 364 (6th Cir. 2010)(citations omitted). "We cannot reverse such findings simply because we would have decided them differently." *Id*. These findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B)).

When the Board adopts the immigration judge's reasoning and supplements the immigration judge's opinion, that opinion, as supplemented by the Board, becomes the basis for review. *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009) (citations omitted). "[W]e review the Board's decision as the final agency decision on issues which the Board actually addressed and the immigration judge's decision as final on those issues on which the Board made no findings." *Urbina-Mejia*, 597 F.3d at 364. Here, the BIA agreed with the Immigration Judge's finding that Mr. Escobar-Lopez failed to provide sufficient reasonably available corroborating evidence and declined to address the Immigration Judge's alternative finding that the respondent was not credible. Because we affirm the decision of the BIA that Mr. Escobar-Lopez did not provide sufficient corroboration for his claim of withholding of removal, we can assume, without deciding, that he was a credible witness.

4

**B. Burden of Proof for Withholding of Removal**

Mr. Escobar-Lopez requests withholding of removal under INA § 241(b)(3),[1] which is mandatory if the alien establishes that his "life or freedom would be threatened in [the proposed country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). "In order to be entitled to relief, an alien must establish that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Pilica*, 388 F.3d at 951. Thus, Mr. Escobar-Lopez must demonstrate there is a clear probability he would be subject to persecution if he were to return to Guatemala "because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "To establish a clear probability, the applicant must demonstrate that 'it is more likely than not' that he or she will be persecuted upon return." *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005)(quoting 8 C.F.R. § 1208.16(b)(2)).

**C. Failure to Exhaust**

Before a federal court may assert jurisdiction over a final order of removal, the alien must have exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). Mr. Escobar-Lopez argues that under the REAL ID Act, the Immigration Judge should have notified him, prior to the Immigration Judge's oral decision, of the particular parts of his testimony that needed to be corroborated. The

---

[1]Mr. Escobar-Lopez does not challenge the BIA's determination that he had failed to establish eligibility for withholding of removal under the CAT.

United States argues that this claim was not properly presented to the BIA and therefore is not subject to review by this court.

The REAL ID Act of 2005, which is applicable to this case,[2] has codified the standard for corroborating evidence:

> Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

See Pub. L. No. 109-13, Div. B, § 101(a)(3)(B)(ii), 119 Stat. 231, 303 (codified at 8 U.S.C. § 1158(b)(1)(B)(ii)).[3] The Immigration Judge in this case found that Mr. Escobar-Lopez failed to corroborate his evidence. Specifically, Mr. Escobar-Lopez did not corroborate that he was a member of a particular social group, the CONALFA group, even though that group was still in existence and even though he was still in contact with his parents who were aware of his problems in Guatemala. Without sufficient evidence that Mr. Escobar-Lopez was a member of a particular social group, he cannot meet his burden for withholding of removal.

Mr. Escobar-Lopez did not raise the issue of lack of corroboration in either his notice of appeal to the BIA or his appeal brief to the BIA. In his notice of appeal, Mr. Escobar-Lopez provided a brief summary of the evidence and concluded that he "hereby appeals the remainder of

---

[2] The REAL ID Act of 2005 amended the Immigration Nationality Act. The portion of the Act that amended the burden of proof provisions for withholding of removal applications is applicable to removal applications that are filed on or after May 11, 2005. Pub. L. No. 109-13, Div. B, § 101(h)(2), 119 Stat. 231, 305.

[3] This provision of the REAL ID Act applies to petitions for both asylum and withholding of removal. See 8 U.S.C. § 1231(b)(3)(C) ("In determining whether an alien has demonstrated that the alien's life or freedom would be threatened for a reason described in subparagraph (A), the trier of fact shall determine whether the alien has sustained the alien's burden of proof, and shall make credibility determinations, in the manner described in clauses (ii) and (iii) of section 1158(b)(1)(B) of this title.").

the Immigration Judge's decision and also [makes a] request for a stay of his voluntary departure pending his appeal." In his brief to the BIA, he notes that the REAL ID Act amendments pertaining to corroboration and credibility apply to his case because his withholding of removal application was filed after May 11, 2005. He does not argue, however, that the Immigration Judge improperly required him to corroborate his claims. Instead, he summarizes his testimony and concludes he "is credible and . . . testified consistently with his application."

"It is proper for an appellate court to consider waived all issues not raised in an appellant's briefs, even if the issue has been raised in the notice of appeal." *Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004). Neither Mr. Escobar-Lopez's notice of appeal to the BIA nor his appeal brief to the BIA advanced his current argument that the Immigration Judge should have notified him, prior the Immigration Judge's oral decision, of the particular parts of his testimony that needed to be corroborated. By failing to properly present this claim to the BIA, Mr. Escobar-Lopez failed to exhaust his administrative remedies on this issue and this court has no jurisdiction to address it. 8 U.S.C. § 1252(d)(1) (a court may review a final order of removal only if the alien has exhausted all administrative remedies available to him as of right); *Ramani*, 378 F.3d at 558, 559-60 (holding that only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal). Therefore we affirm the BIA's finding that Mr. Escobar-Lopez did not provide sufficient corroboration for his claim of withholding of removal.

### III. CONCLUSION

The petition for review of the Board of Immigration Appeals is DENIED.